# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| FRANK J. PRASIL, | ) | |
|     Plaintiff, | ) | |
| v. | ) | No. 3:06-CV-402 |
| | ) | (Phillips) |
| UNITED STATES OF AMERICA, | ) | |
| GUY BLACKWELL, RANDALL KIZER, and | ) | |
| BRUCE POSTON, | ) | |
|     Defendants | ) | |

| | | |
|---|---|---|
| FRANK J. PRASIL, | ) | |
|     Plaintiff, | ) | |
| v. | ) | No. 3:07-CV-18 |
| | ) | (Phillips) |
| UNITED STATES OF AMERICA, | ) | |
| GUY BLACKWELL, RANDALL KIZER, and | ) | |
| BRUCE POSTON, | ) | |
|     Defendants | ) | |

## MEMORANDUM OPINION

Plaintiff Frank J. Prasil has filed tort claims against the United States, and *Bivens* claims and conspiracy claims against defendants Blackwell, Kizer and Poston arising out of a criminal case brought in the Eastern District of Tennessee in which Prasil was indicted but was later dismissed. The defendants have moved to dismiss all claims brought by plaintiff, or in the alternative, for summary judgment. For the reasons stated below, defendants' motion to dismiss will be granted and this action will be **DISMISSED**.

**Background**

The plaintiff is an inventor who developed a process for the recycling of ink. He was a client of the University of Tennessee, where he was receiving counsel and assistance in the development of his recycling technology. Prasil applied for and received a $390,000 research and development grant from the U.S. Department of Energy.

As one of the requirements for the grant, Prasil needed to obtain matching funds from an independent source. He approached the East Tennessee Banking Corporation (ETB) and received a commitment for the necessary funding. Prasil informed the Tennessee Department of Environment and Conservation, which was partnered with the Department of Energy in the grant program, of ETB's funding commitment. A short time later, however, ETB notified the plaintiff that it was withdrawing its financial support.

Prasil was able to obtain the needed funding from another source. In the meantime, ETB allegedly formed Environmental Ink, Inc., a company devoted to the development of processes that were very similar to those invented by Prasil. When Prasil learned of Environmental Ink, he attempted to force the company to cease and desist from exploiting his research.

Bruce Poston, the President of both ETB and Environmental Ink, sent a twenty-four page letter to the Department of Energy asking for a formal investigation into the grant given to Prasil. The letter outlined alleged irregularities in the grant application

and questioned the use of grant funds. The University of Tennessee began an investigation and Prasil's grant was withdrawn.

The U.S. Department of Justice conducted an investigation to determine whether there was any truth in Poston's allegations. In August 2001, plaintiff was charged with making false statements to the Department of Energy and mail fraud. *United States of America v. Frank J. Prasil,* No. 3:01-CR-115 (E.D.Tenn) (J. Varlan). The case was delayed until 2004, due to plaintiff's health problems. In early May 2004, the United States began preparation for trial. It was discovered that the evidence establishing the mailing and venue for the false statements could not be found by state officials. Without the evidence, the United States was unable to prove the allegations in the indictment beyond a reasonable doubt, and the charges against the plaintiff were dropped.

On June 1, 2006 , the plaintiff, through counsel, initiated an action pursuant to 42 U.S.C. § 1983 in the United District Court, Northern District of Illinois, against Guy Blackwell, the federal prosecutor who brought the charges against the petitioner; Randall Kizer, a special investigator for the U.S. Department of Justice; and Bruce Poston, the President of ETB and Environmental Ink. The action was transferred to this court on October 16, 2006. Plaintiff's First Amended Complaint alleged seven claims for relief:

1. Blackwell suppressed exculpatory evidence in violation of the plaintiff's right to due process;

2. Blackwell denied the plaintiff due process when he knowingly fabricated evidence;

3. Kizer denied the plaintiff due process when he knowingly fabricated evidence;

4. Blackwell, Kizer and Poston "formed an agreement to fabricate evidence" against the plaintiff in an effort to deny him due process;

5. Kizer violated the plaintiff's Fourth Amendment right to be free from unlawful seizure when he maliciously fabricated evidence which was used as a basis for establishing probable cause to bring criminal charges;

6. Blackwell violated the plaintiff's Fourth Amendment right to be free from unlawful seizure when he maliciously fabricated evidence which was used for establishing probable cause to bring criminal charges; and

7. The defendants knowingly conspired to violate the plaintiff's Sixth Amendment right to a fair trial by suppressing favorable and requested evidence from the plaintiff.

On January 16, 2007, plaintiff, acting *pro se,* filed an identical suit in this court against the same defendants which has been assigned Civil Action No. 3:07-CV-18.

On December 15, 2006, the court granted John Thomas Moran Jr.'s motion to withdraw as counsel for plaintiff. Plaintiff was given 30 days to obtain new counsel or inform the court that he would be proceeding *pro se.* Plaintiff was directed to file a response to the pending summary judgment motion within 30 days of the substitution of counsel or advising the court that he intended to proceed *pro se.* Plaintiff has done neither.

The defendants move pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure for an order dismissing plaintiff's claims, or in the alternative, for summary judgment in defendants' favor on the basis of (1) lack of subject matter jurisdiction, (2) failure to state a claim upon which relief can be granted, (3) failure to meet traditional pleading standards, (4) statute of limitations, (5) failure to personally serve the individual defendants, (6) absolute immunity, (7) qualified immunity, and (8) substitution of the United States for any common law claims.

## **Analysis**

First, the court finds that these two civil actions should be **CONSOLIDATED** for disposition with Civil Case No. 306-CV-402 as the lead case. *See* Fed.R.Civ.P. 42.

Second, the United States has filed a notice of substitution stating that defendants Guy Blackwell and Randall Kizer were acting within the scope of their employment at the time of the events giving rise to this suit, and that the United States should be substituted for Blackwell and Kizer with respect to plaintiff's state law causes of action pursuant to the Federal Employees Liability Reform and Tort Compensation Act, 28 U.S.C. § 2679. Accordingly, pursuant to the provisions of 28 U.S.C. §2679(d)(1), all state common law claims alleged in the complaint will be deemed claims against the United States, and the United States is **SUBSTITUTED** as the sole party defendant respecting such common law tort claims. All state common law claims against defendants Blackwell and Kizer are hereby **DISMISSED.**

Next, the court will analyze the defendants' motion to dismiss. A "district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231 (1990), and a federal court may not entertain an action over which it has no jurisdiction. *See Insurance Corp. Of Ireland, Ltd v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 701 (1982). If a court lacks jurisdiction, it "cannot proceed at all in any cause; jurisdiction is power to declare law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94 (1998).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.) *cert. denied,* 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196,

1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

In the alternative, defendants have moved for summary judgment pursuant to Rule 56(c), Federal Rules of Civil Procedure. Rule 56(c) provides that summary judgment will be granted by the court only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine issue of material fact exists. The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Morris to Crete Carrier Corp.,* 105 F.3d 279, 280-81 (6th Cir. 1987); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943 (6th Cir. 1990); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Once the moving party presents evidence sufficient to support a motion under Rule 56, Federal Rules of Civil Procedure, the non-moving party is not entitled to a trial simply on the basis of allegations. The non-moving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317

(1986); *White,* 909 F.2d at 943-44. The moving party is entitled to summary judgment if the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *Celotex,* 477 U.S. at 323; *Collyer v. Darling,* 98 F.3d 220 (6th Cir. 1996).

Per the court's previous order entered December 15, 2006, plaintiff was required to respond to the pending motion no later than February 16, 2007. Pursuant to LR7.2, plaintiff's failure to respond to the motion to dismiss and/or for summary judgment will be deemed a waiver of any opposition to the relief sought.

### Claims against the United States

Plaintiff has failed to file the required administrative claim against the United States within the two-year statute of limitations provided in Federal Tort Claims Act (FTCA). The FTCA, 28 U.S.C. § 2675(a), requires that an administrative claim be presented to and finally denied by the appropriate federal agency before commencing suit in district court. A FTCA claim is governed by a two-year statute of limitations which is different from a *Bivens* case, which adopts the state's statute of limitations (in Tennessee, one year). The FTCA imposes its own statute of limitations, 28 U.S.C. § 2401(b), which provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Accordingly, an individual seeking to bring an action under the FTCA "must present a written claim to the federal agency concerned within two years of the date the cause of action accrues." Under the FTCA, a claim accrues when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered the injury and its cause. *Landreth v. United States,* 850 F.2d 532, 533 (9th Cir. 1988).

Plaintiff's claims accrued, at the latest, on May 28, 2004, when he received notice that the criminal case against him was being dismissed. The record shows that no administrative claims have been filed by plaintiff, and over two years have passed since the dismissal of the charges against him. Therefore, any common law claims against the United States that could have been filed by plaintiff under the FTCA are time-barred, and will be dismissed for lack of subject matter jurisdiction.

Section 1983 Claims

Plaintiff alleges that he is entitled to relief pursuant to 42 U.S.C. § 1983. However, § 1983 cannot serve as the basis for a claim against federal officers or the United States. An essential element of a claim under § 1983 is that the "conduct complained of must be committed under color of state law." *Leon v. Fed. Reserve Bank Chicago,* 823 F.2d 928, 931 (6th Cir. 1987). A § 1983 action cannot be sustained if the actions were not taken under color of state law. Federal agencies and their agents act under color of federal, not state law, so the federal government and its officials are not subject to suit under § 1983. *Conner v. Greef,* 99 Fed.Appx. 577, 580 (6th Cir. 2004). Defendants

Blackwell and Kizer are both federal, not state agents. In addition, the charges brought against plaintiff were based on federal law, not state law. Because defendants did not act under color of state law, plaintiff's claims brought under § 1983 will be dismissed for failure to state a claim upon which relief can be granted.

### Section 1985 Claim

Plaintiff's complaint also alleges conspiracy claims under 42 U.S.C. § 1985. The Sixth Circuit has held that:

> To establish a claim under 42 U.S.C. § 1985(3), a plaintiff must prove (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. Plaintiff must also establish that the conspiracy was motivated by a class-based animus.

*Johnson v. Hills & Dales General Hosp.,* 40 F.3d 837, 839 (6th Cir. 1994). There is no cause of action against the United States under § 1985(3) because there is no waiver of sovereign immunity. In addition, plaintiff's complaint fails to make any allegation that "the conspiracy was motivated by a class-based animus" and therefore missing a vital component. Accordingly, plaintiff's § 1985 claims against the United States and defendants Blackwell and Kizer will be dismissed for failure to state claims upon which relief can be granted.

### Constitutional Tort Claims Against Blackwell and Kizer

Tennessee's one-year limitations period for personal injury actions governs plaintiff's constitutional tort claims against the individual defendants. *See* Tenn. Code Ann. § 28-3-104(a); *Berndt v. Tennessee,* 796 F.2d 879, 883 (6th Cir. 1986). Plaintiff had one year from his notice of the dismissal of his criminal case on May 28, 2004 to file a civil suit. Plaintiff's original complaint was filed on June 1, 2006, well beyond the one year statute of limitations.

Moreover, plaintiff has failed to personally serve the individual defendants. Federal Rule of Civil Procedure 4(e) provides that service upon an individual from whom a waiver has not been obtained and filed ,,, may be effected in any judicial district of the United States "pursuant to the law of the state in which the district court is located..... " Rule 4.04(1), Tennessee Rules of Civil Procedure, sets forth that service shall be made:

> Upon an individual other than an unmarried infant or an incompetent person, by delivering a copy of the summons and of the complaint to the individual personally, or if he or she evades or attempts to evade service, by leaving copies thereof at the individual's dwelling house or usual place of above with some person of suitable age and discretion then residing therein, whose name shall appear on the proof of service, or by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served.

The record In the instant case contains no proof of personal service on the individual defendants. Personal Service is required in a *Bivens* action. *See, e.g., McGuire v. Turnbo,* 137 F.3d 321, 323 (5th cir. 1998) (upholding dismissal of *Bivens* defendants for lack of personal service). Accordingly, plaintiff's constitutional tort claims against

-11-

Blackwell and Kizer, individually, are barred by the Tennessee one-year statute of limitations and are hereby **DISMISSED.**

Because the defendants' motion to dismiss is dispositive, the court need not reach an analysis of the merits of defendant's motion for summary judgment.

Additionally, Inasmuch as plaintiff has not effected service of process upon defendant Bruce Poston, all claims against Mr. Poston will be **DISMISSED** with prejudice for lack of prosecution.

### Conclusion

For the reasons set forth above, the defendants' motion to dismiss [Doc. 3] is **GRANTED.** Additionally, all claims against defendant Bruce Poston are **DISMISSED** for failure to prosecute. Accordingly, this action is **DISMISSED** in its entirety.

**ENTER:**

        s/ Thomas W. Phillips
United States District Judge